# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| RAVEN WOLF C. FELTON JENNNINGS II, RAYMOND DOUGLAS | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:20-cv-00584 |
| CITY OF UNIVERSITY CITY, MISSOURI | ) ) ) ) | |
| Defendant. | ) | |

## MOTION FOR PRELIMINARY INJUNCTION

Pursuant to FED. R. CIV. P. 65(a) and for the reasons set forth in the accompanying Memorandum in Support, Plaintiffs seek a preliminary injunction prohibiting Defendant City of University City, Missouri, its agents, servants, employees, and attorneys from enforcing or threatening to enforce Chapter 215, Section 720 of the University City Code ("the Ordinance") and related policies and customs, including University City's policy prohibiting stationary musicians and its policy requiring a conditional use permit before musicians may perform on private property adjacent to public sidewalks.

A preliminary injunction is warranted because Plaintiffs are likely to prevail on the merits of their First Amendment and Due Process challenges to the Ordinance and Defendant's related policies. Since Summer 2019, Defendant has effectively prohibited musicians from playing on either public or private property in The Loop by: (1) enforcing an unconstitutionally broad and vague ordinance prohibiting conduct that obstructs or "tend[s]" to obstruct public places; (2) creating a new policy that musicians playing on public sidewalks may not stand still; and (3)

requiring that musicians may play on private property adjacent to public sidewalks only with the City's permission.  The ordinance and policies prohibit constitutionally protected musical expression and violate the First and Fourteenth Amendments.

First, Ordinance violates the First Amendment because it burdens substantially more speech than is necessary for Defendant to achieve a legitimate government interest.  Second, this Ordinance is facially unconstitutional as it is void for vagueness in violation of the Due Process Clause of the Fourteenth Amendment because (1) it lacks a *mens rea* requirement and (2) its prohibition on conduct "tending to hinder or impede" the free passage of pedestrians or vehicles is unconstitutionally vague.  Third, Defendant's Musician Non-Stationary Policy violates the First Amendment because it burdens substantially more speech than is necessary for Defendant to achieve a legitimate government interest.  Specifically, the Musician Non-Stationary Policy (1) is not narrowly tailored to serve a significant government interest; and (2) fails to provide alternative channels for communication.  Fourth, Defendant's Musician Non-Stationary Policy is facially unconstitutional as it is void-for-vagueness in violation of the Due Process Clause of the Fourteenth Amendment.  Fifth, Defendant's Conditional Use Permit Policy violates the First and Fourteenth Amendments because it is an unconstitutional prior restraint; specifically, (1) the permit policy affords too much discretion to government officials and (2) the application process is burdensome and chills expressive activity during the application period.

A preliminary injunction is warranted because Plaintiffs are likely to succeed on the merits of their First Amendment and Due Process challenges to the Ordinance and Defendant's related policies.

DATED:  April 28, 2020                    Respectfully Submitted,

                                                                            s/ Lisa S. Hoppenjans
LISA HOPPENJANS, #63890 (MO)
First Amendment Clinic
Washington University in St. Louis
School of Law
One Brookings Drive
Campus Box 1120
St. Louis, MO 63130
Phone: (314) 935-8980
lhoppenjans@wustl.edu


Anthony E. Rothert, #44827(MO)
Jessie Steffan, #64861(MO)
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: (314) 669-3420
arothert@aclu-mo.org
jsteffan@aclu-mo.org

Gillian R. Wilcox, #61278(MO)
ACLU of Missouri Foundation
406 West 34th Street, Ste. 420
Kansas City, MO 64111
Phone: (314) 652-3114
gwilcox@aclu-mo.org

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

   I certify that a copy of the foregoing will be served upon defendant by hand delivery at the following address:

    City of University City
    c/o LaRetta Reese
    City Hall
    6801 Delmar Blvd
    University City, Missouri 63130

          /s/ Lisa S. Hoppenjans