UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAVEN WOLF C. FELTON JENNINGS II, and RAYMOND DOUGLAS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:20-CV-00584 JAR ) |
| CITY OF UNIVERSITY CITY, MISSOURI, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion for bill of costs (Doc. No. 107) and motion for attorneys' fees (Doc. No. 108). The motions are fully briefed and ready for disposition.

**Background**

Plaintiffs are street musicians who perform in the University City Loop Special Business District ("the Loop"). On April 28, 2020, Plaintiffs filed this lawsuit against the City pursuant to 42 U.S.C. § 1983 to challenge the constitutionality, both facially and as applied, of University City Ordinance § 215.720: Obstructing Public Places (the "Original Ordinance"), which prohibited any person from standing or remaining idle in a public place in such manner so as to obstruct any public sidewalk "by hindering or impeding or tending to hinder or impede the free and uninterrupted passage of … pedestrians[.]" Plaintiffs also challenged the constitutionality of alleged City policies forbidding individuals engaged in speech or performance from remaining stationary on public sidewalks ("Non-Stationary Policy") and requiring conditional use permits for musicians to perform on private property adjacent to public sidewalks ("Permit Policy"). In

conjunction with their complaint, Plaintiffs filed a motion for preliminary injunction to enjoin enforcement of the City's Ordinance and other policies, alleging the City relied on the ordinance and policies to broadly prohibit expressive activities on public sidewalks in violation of their constitutional rights to free speech and due process, even when individuals engaged in such activities were not actually obstructing pedestrian traffic.

In July 2020, the City amended the Original Ordinance to address Plaintiffs' claims and represented it would not enforce a Non-Stationary Policy to the extent such a policy existed and would not require a property owner to obtain a conditional use permit to allow musicians to perform outside on private property adjacent to the public sidewalk. Based on the City's representations and the amendments to the Ordinance, Plaintiffs' motion for preliminary injunction was denied as moot on August 25, 2020.

On April 29, 2021, Plaintiffs renewed their motion for preliminary injunction, arguing that certain internal communications and actions taken by the City in March 2021 indicated the Amended Ordinance was being unconstitutionally applied. Following a hearing on July 23, 2021, the Court denied Plaintiffs' renewed motion on October 22, 2021. The Court concluded that Plaintiffs failed to show, based on the application of the Amended Ordinance in two isolated incidents, that it unduly restricts free speech in light of the City's legitimate interest in regulating pedestrian traffic or that it fails to accord with the due process requirement of fair notice. The Court also concluded that in the absence of any additional record evidence, Plaintiffs failed to establish a policy or custom that deprived them of their constitutional rights.

Plaintiffs moved for summary judgment on July 20, 2021, requesting the Court find and declare that the Original Ordinance was facially unconstitutional; that the Original Ordinance violated the First Amendment; and that the Non-Stationary Policy and Permit Policy violate the

First Amendment and Due Process Clause. Plaintiffs also sought declaratory and injunctive relief based on an "as applied" challenge to the Amended Ordinance and nominal damages for the alleged infringement of their First Amendment rights on those occasions in 2019 and 2020 when they were allegedly told they could not perform in the Loop.

The Court granted summary judgment on Plaintiffs' claims for nominal damages for violations of their constitutional rights under the Original Ordinance; granted summary judgment on Plaintiffs' claims for declaratory relief and nominal damages for violations of their constitutional rights under the City's Non-Stationary Policy and Permit Policy; and denied summary judgment on Plaintiffs' claim for declaratory and injunctive relief regarding the Amended Ordinance. The case was set for a bench trial on January 26, 2022 to resolve the outstanding issues. Shortly before trial, the parties negotiated a settlement of the outstanding issues and the case was dismissed with prejudice.

On April 15, 2022, Plaintiffs filed their motion for bill of costs, asserting entitlement to costs pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920 in the amount of $5,669.26. (Doc. No. 107). Plaintiffs also move for $101,958.50 in attorneys' fees and $4,110.43 in expenses, which include mediation fees of $1,275.93; discovery management fees of $2,379.50; and service of subpoena fees of $445.00. (Doc. No. 108).

**Motion for attorneys' fees**

In a § 1983 case, the Court "may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). A party is a prevailing party under § 1988 if he succeeds on any significant issue in the case "which achieves some of the benefit the part[y] sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoted case omitted); see also Farrar v. Hobby, 506 U.S. 103, 111 (1992) (a prevailing party is

one who obtains "at least some relief on the merits of his claim"); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Serv., 532 U.S. 598, 603 (2001) (term "prevailing party" means, in essence, "one who has been awarded some relief by the court"). Even an award of nominal damages suffices under this test. See Farrar, 506 U.S. at 112-13.[1]

A trial court's "discretion to deny attorneys' fees to a prevailing plaintiff is narrow." Jenkins ex rel. Jenkins v. State of Mo., 127 F.3d 709, 716 (8th Cir. 1997). "[A] prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley, 461 U.S. at 429 (quoted source omitted). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally, this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." Id. at 435. The Eighth Circuit has stated, "[i]f the plaintiff has won excellent results, he is entitled to a fully compensatory fee award, which will normally include time spent on related matters on which he did not win." Jenkins, 127 F.3d at 716 (citing Hensley, 461 U.S. at 435).

The party seeking the award must submit evidence supporting the requested hours and rates, making a "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" Hensley, 461 U.S. at 434. "To calculate attorney's fees, courts typically begin by using the lodestar method, which multiplies the number of hours reasonably expended by reasonable hourly rates." Bryant v. Jeffrey Sand Co., 919 F.3d 520, 529 (8th Cir. 2019) (citing Brewington v. Keener, 902 F.3d 796, 805 (8th Cir. 2018)). Courts consider several factors in determining a reasonable attorney's fee, including the time and labor

---

[1] However, in certain circumstances such a "prevailing party" should still not receive an award of attorney's fees. See Buckhannon, 532 U.S. at 604 (citing Farrar, 506 U.S. at 115-116) (civil rights plaintiffs who recovered nominal damages of only one dollar on claim for 17 million dollars in compensatory damages were not entitled to attorney fee award under civil rights statute).

required to litigate the case, the novelty and difficulty of the questions involved, the skill required to perform the services properly, customary fees, the results obtained, and awards in similar cases. See McDonald v. Armontrout, 860 F.2d 1456, 1459 & n.4 (8th Cir. 1988); Fernandez v. St. Louis Cty., Missouri, 538 F. Supp. 3d 888, 905 (E.D. Mo. 2021). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." Bryant, 919 F.3d at 529 (quoting Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005)).

In support of their motion, Plaintiffs assert that they successfully obtained the relief they sought through the Court's partial grant of summary judgment (including declaratory and nominal relief), the City's post-suit amendment of its ordinance, and settlement. Moreover, all of Plaintiffs' claims involved passage and enforcement of the same Ordinance and policies, based on common facts tied to the same Ordinance and policies, and challenged the City's violation of their constitutional rights under the same Ordinance and policies. When this Court denied Plaintiffs' claims for declaratory relief on Counts I and II and injunctive relief as moot, it did so based on the City's voluntary amendment of the Ordinance and policies rather than based on the merits of Plaintiffs' constitutional claims, and awarded nominal damages based on the prior violations of Plaintiffs' rights. Plaintiffs ultimately obtained the relief they requested in this case with the elimination of challenged policies as they existed at the time the lawsuit was filed. (Doc. No. 109 at 12-13).

For purposes of lodestar analysis, Plaintiffs submit the following concerning their attorneys' hourly rates and the hours expended in this litigation[2]:

---

[2] Plaintiffs' counsel state they have exercised billing judgment to account for duplicative time and reduced the hours for which they seek compensation by 96.18 hours. They have also omitted various entries for substantive work, including time spent on their renewed motion for preliminary injunction. The

- 5 -

|  | Hours | Rate | Total |
|---|---|---|---|
| Anthony E. Rothert | 66.5 | $410.00 | $27,265.00 |
| Lisa Hoppenjans | 150.86 | $325.00 | $49,029.50 |
| Jessie Steffan | 5.1 | $300.00 | $1,530.00 |
| Molly Carney | 24.8 | $300.00 | $7,440.00 |
| Omri Praiss | 15.3 | $400.00 | $6,120.00 |
| Law Students | 105.74 | $100.00 | $10,574.00 |
|  | 368.30 | Total: | **$101,958.50** |

Plaintiffs' motion is supported by Declarations signed by their attorneys, describing their backgrounds and experience and providing details of their hours billed. (Doc. Nos. 109-1, -2, -3, -4). Plaintiffs maintain that the rates being requested by their attorneys are reasonable and within the range of market rates customarily charged by lawyers with similar experience and practice areas in Missouri. (See Doc. No. 109-5). The City does not dispute the background and experience of Plaintiffs' attorneys or the reasonableness of their requested hourly rates.[3] Based on its experience with this case, with civil rights cases in general, and its knowledge of prevailing attorney hourly rates in this area and as awarded by this Court, the Court finds the requested hourly rates reasonable. See Fernandez v. St. Louis Cnty., Missouri, 538 F. Supp. 3d 888, 906 (E.D. Mo. 2021); Willson v. City of Bel-Nor, Missouri, No. 4:18-CV-003 RLW, 2021 WL 2255003, at *5-6 (E.D. Mo. June 3, 2021) (citing cases).

---

assistance of clinic students and law clerks further reduced the amount of fees for which reimbursement is sought. (Doc. No. 109 at 9-10).

[3] The City has challenged Plaintiffs' requested fees of $10,574 for law student time, arguing that student participation is for educational purposes only and that their work was uncompensated. (Doc. No. 110 at 3 n.3). The Court disagrees, finding the use of law students akin to legal support staff. The Court will not dissuade attorneys from utilizing law clerks or paralegals with lower billing rates to perform tasks in a more cost-effective fashion. Davis v. Lancatser, No. 4:13CV1638 HEA, 2019 WL 265098, at *4 (E.D. Mo. Jan. 18, 2019). The Court also notes that the rates Plaintiffs have submitted for law student work are reasonable and consistent with other awards in this District. See, e.g., Koenig v. Bourdeau Const. LLC, No. 4:13CV00477 SNLJ, 2014 WL 6686642, at *2 (E.D. Mo. Nov. 26, 2014) (billing rates in the St. Louis area for paralegals and law students range from $50.00 to $100.00 per hour).

The City acknowledges that Plaintiffs are entitled to some recovery of costs and attorneys' fees but contends Plaintiffs are not prevailing parties as to any claims for events occurring after August 2020 when the City amended the Original Ordinance and ceased the restrictions that Plaintiffs challenged. The City argues that most of the fees, costs, and expenses Plaintiffs seek were incurred during discovery and briefing related to their renewed motion for preliminary injunction – which the Court denied – and motion for summary judgment – which the Court granted only to the extent Plaintiffs' claims related to events prior to August 2020 that were effectively resolved in June and July 2020. (Doc. No. 110 at 2-3). The City argues that Plaintiffs' recovery should therefore be limited to attorneys' fees incurred as of August 2020 in the amount of $24,254.75 and costs of $400, for a total award of $24,654.75.[4]  (Id. at 3).

After considering the parties' arguments, the Court is unwilling to strike Plaintiffs' request for fees and costs for all work performed after August 2020. Although injunctive relief against the Original Ordinance was rendered unnecessary in light of the Amended Ordinance, Plaintiffs' counsel continued to monitor the City's compliance with the Amended Ordinance as part of their representation of their clients. Those efforts resulted in discovery that at least in one instance, the City was not complying. That said, the Court finds some reduction in fees is appropriate based on the results ultimately obtained by Plaintiffs.

A district court may in the exercise of its discretion use a percentage reduction as a practical means of reducing fee claims. See, e.g., Dinosaur Merch. Bank Ltd. v. Bancservices Int'l LLC, No. 1:19-CV-84 ACL, 2020 WL 3489344, at *3 (E.D. Mo. June 26, 2020) (reducing one firm's hours by 50% and the other firm's hours by 75% for "overlawyering and duplicative

---

[4] In the event the Court determines that law student time should be included in a fee award, the City adds an additional $8,101 (law student time expended before August 25, 2020), for a total award of $32,355.75. (Doc. No. 110 at 6 n.5).

work"); Fletcher v. Tomlinson, No. 4:14-CV-999 RLW, 2016 WL 6069497, at *9 (E.D. Mo. Oct. 14, 2016) (reducing plaintiff's requested attorneys' fee award by forty-five percent); Maher v. Barton, No. 4:13-CV-2260 (CEJ), 2014 WL 1316936, at *3 (E.D. Mo. Apr. 2, 2014) (applying a fifty percent reduction to adjust for excessive billing); Marez v. Saint-Gobain Containers, Inc., No. 4:09CV999 MLM, 2011 WL 19390706, at *13 (E.D. Mo. May 18, 2011) (reducing plaintiff's requested attorneys' fee award by fifty percent). In light of the facts and circumstances of this case, the Court will reduce Plaintiffs' requested attorneys' fee award by fifty (50) percent, to $50,979.25. While Plaintiffs obtained relief when the City amended the Original Ordinance and ceased certain internal policies affecting their right to perform music, they effectively obtained the relief they sought within four months of filing their lawsuit.

The City does not specifically object to Plaintiffs' non-taxable costs/expenses and the Court finds $4,110.43 to be reasonable in this case. All reasonable out-of-pocket costs and expenses are recoverable as part of a Section 1988 fee award because they are part of the costs a law firm would normally charge to a fee-paying client. See Jenkins v. Kansas City Mo. Sch. Dist., 525 F.3d 682, 682 n.1 (8th Cir. 2008) ("travel expenses and other out-of-pocket expenses that a law firm normally would bill to its client are … properly characterized as part of an attorney fee award" under Section 1988).

**Bill of costs**

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs – other than attorney's fees – should be allowed to the prevailing party." Cowden v. BNSF Railway Co., No. 4:08CV01534, 2014 WL 107844, at *1 (E.D. Mo. Jan 3, 2014). Pursuant to 28 U.S.C. § 1920, the Court may tax costs for: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and

disbursements for printing and witnesses; (4) fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under § 1923 of this title; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title. The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts." Cowden, 2014 WL 107844, at *1 (quoting Brisco-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002)). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. Id. (citing Pershern v. Fiatallis North America, Inc., 834 F.2d 136, 140 (8th Cir. 1987)).

Plaintiffs have submitted a bill of costs in the amount of $5,669.26, which includes $400 for fees of the clerk; $5,116.50 for printed or electronically recorded transcripts; and $152.76 for witness fees. The City argues that Plaintiffs should be limited to $400 in costs to account for the fact that much of the costs incurred related to claims that were denied as moot by virtue of the City's remedial actions. For the reasons discussed above, the Court will grant Plaintiffs' motion for bill of costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for bill of costs [107] is **GRANTED.**

**IT IS FURTHER ORDERED** that costs shall be taxed against Defendant City of University City, Missouri and in favor of Plaintiffs in the amount of **$5,669.26.**

**IT IS FURTHER ORDERED** that Plaintiffs' motion for attorneys' fees [108] is **GRANTED** in part and **DENIED** in part. Plaintiffs are awarded the amount of **$55,0898.68** as and for their attorneys' fees and non-taxable costs/expenses.

Dated this 21st day of November, 2022.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**